## UNITED STATES DISTRICT COURT
### Northern District of Texas – Dallas Division

| | | |
|---|---|---|
| PAIGE ROBINSON, | § | |
| | § | |
| PLAINTIFF | § | CASE NUMBER: 3:25-CV-02500 |
| | § | |
| VS. | § | |
| | § | |
| ABSOLUTE RESOLUTIONS | § | |
| INVESTMENTS, LLC, | § | |
| | § | |
| DEFENDANTS | § | DEMAND FOR JURY TRIAL |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### Preliminary Statement

1. Plaintiff, Paige Robinson, hereinafter referred to as Robinson or Plaintiff, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act, Texas Finance Code § 392, *et seq.* ("TDCA"), to obtain statutory damages, actual damages, and other relief for the Defendant's violations of the FDCPA and TDCA

2. Defendant, Absolute Resolutions Investments, LLC, hereinafter referred to as Absolute, is a third-party debt buyer who acquired an account from an original creditor, in an attempt to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to the original creditor. The alleged Debt required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Absolute can be served by and through their registered agent: URS Agents, LLC, 3610-2 N Josey Lane, Suite 223, Carrollton, TX 75007.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, and the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392, *et. seq*., against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA and TDCA.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Northern District of Texas because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "communication", "consumer", "creditor", "debt", and "debt collector" are defined in 15 U.S.C. § 1692a.

7. As used in reference to the TDCA, the terms "consumer", "consumer debt", "creditor", "debt collection", and "debt collector", and "third-party debt collector" are defined in Texas Finance Code § 392.001.

## STANDING

8. Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

9. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, Defendant's communication of false credit information about Plaintiff to third parties, and Defendant's misrepresentation of the status of the alleged debt, causing that false information to be included in Plaintiff's credit report.

10. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## THE PARTIES

11. Defendant Absolute is a third-party debt collection agency, a for-profit corporation believed to be headquartered in the state of California and is in the business of collecting consumer debt in the Northern District of Texas. The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Defendant is a "third-party debt collector" as defined by Texas Finance Code § 392.001(7).

12. Plaintiff is a natural person who resides in Dallas County, Texas, in the Northern District of Texas, and is a consumer as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

## FACTUAL ALLEGATIONS

13. Defendant has alleged that Plaintiff incurred a debt for an allegedly unpaid debt to an original creditor ("alleged debt"). The alleged debt is for consumer, family, and/or household items, thus is a "debt" as that term is defined at § 1692a(5) of the FDCPA, and Texas Finance Code § 392.001(2).

14. Defendant has alleged that Plaintiff failed to pay the alleged debt, and that the account entered default.

15. Defendant purchased the alleged debt at some point after it had entered default.

16. Defendant began attempting to collect the alleged debt from Plaintiff and began reporting it on Plaintiff's Equifax, Experian, and TransUnion credit report in May 2024.

17. On or about 02/04/2025, Plaintiff retained the services of Ciment Law Firm, PLLC ("Law Firm") to represent Plaintiff in defense of the debt collection lawsuit filed by Defendant, styled *Absolute Resolutions Investments, LLC vs. Paige Robinson*, cause # JPC-25-00863-32, in the Dallas County Justice Court, Precinct 3, Place 2.

18. On or about 05/01/2025, Law Firm sent a notice to Defendant that the Plaintiff was represented by Law Firm and that the debt was disputed and to mark the debt as disputed on any credit report to which this account was being reported.

19. Plaintiff subsequently reviewed her credit reports and noticed that Defendant was reporting that she owed $2,213 on the alleged debt with an account number ending in 0040. However, there is no annotation of any dispute, in violation of 15 U.S.C. § 1692e(8).

20. On or about 05/01/2025, Defendant knew or should have known that Plaintiff disputed the accuracy of the debt.

21. Despite this, Defendant continued to report this debt to the Equifax, Experian, and TransUnion credit bureaus.

22. Defendant communicated, inter alia, an account balance, an account number, and a date reported.

23. Even though Plaintiff notified Defendant that she disputed the alleged debt, Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax, Experian, and TransUnion regarding the alleged debt.

24. Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. Even though Defendant knew or should have known, prior to 07/17/2025, that Plaintiff disputed the alleged debt, Defendant communicated credit information about Plaintiff to the Equifax, Experian, and TransUnion consumer reporting agencies on that date, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

27. The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.")

28. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

29. As a proximate result of the foregoing acts and omissions of the Defendant, Defendant's conduct caused Plaintiff to suffer actual concrete damages and injury, including but not limited to, emotional distress such as stress, anxiety, humiliation, annoyance, and mental anguish, for which Plaintiff should be compensated in an amount to be proven at trial.

30. All of Defendant's actions occurred within one year of the date of this Complaint.

31. The actions taken by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. See *Bartlett v. Heibl*, 128 F.3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## LEGAL AUTHORITY AND GOVERNING STATUTES

### Fair Debt Collection Practices Act (FDCPA)

32. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., was enacted to eliminate abusive debt collection practices by debt collectors and to protect consumers

against unfair, deceptive, and misleading practices in the collection of debts. Relevant provisions include, but are not limited to:

    a.    15 U.S.C. § 1692e(2)(A) – prohibiting the false representation of the character, amount, or legal status of any debt;

    b.    15 U.S.C. § 1692e(8) – requiring the communicating of the dispute status of a debt; and

    c.    15 U.S.C. § 1692f – prohibiting unfair or unconscionable means to collect a debt.

### Texas Debt Collection Act (TDCA)

33.    The Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392, *et seq.*, prohibits the use of fraudulent, deceptive, or abusive practices in the collection of consumer debts. Relevant provisions include, but are not limited to:

    a.    Tex. Fin. Code § 392.304(a)(8) – prohibiting misrepresentation of the character, extent, or amount of a consumer debt; and

    b.    Tex. Fin. Code § 392.304(a)(19) – prohibiting the use of any other false representation or deceptive means to collect a debt.

### RESPONDEAT SUPERIOR LIABILITY

34.    The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within

the time and space limits and within the sphere of their respective employment in their agency relationships with their principal, the Defendant.

35. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

36. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

37. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions made in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## VIOLATIONS OF THE FDCPA

38. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. The Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8), & 1692f by failing to communicate the fact of Plaintiff's dispute to Equifax, Experian, and TransUnion credit reporting agencies when communicating other information regarding the alleged debt.

40. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## VIOLATIONS OF THE TDCA

41. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

42. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Defendant violated Texas Finance Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt. Specifically, Defendant failed to communicate the fact of Plaintiff's dispute to Equifax, Experian, and TransUnion credit reporting agencies when communicating other information regarding the alleged debt.

43. Under Texas Finance Code § 392.403, Defendant's violations render them liable to Plaintiff for actual damages sustained because of Defendant's actions, injunctive relief, reasonable attorney's fees and costs, and statutory damages for each violation.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff Paige Robinson prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA.
2. Declare that Defendant's debt collection practices violated the TDCA.

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney's fees, as provided by 15 U.S.C. § 1692k(a).

4. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, reasonable attorney's fees, and injunctive relief, as provided by Texas Finance Code § 392.403.

5. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ Brian R. Roan*

Brian Roan
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
833-663-3289, ext. 3001
Brian@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF

*/s/ Daniel J. Ciment*

Daniel Ciment
CIMENT LAW FIRM, PLLC
4500 Mercantile Plaza, Suite 300
Fort Worth, TX 76137
833-663-3289, ext. 1001
Daniel@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF

*/s/ Amy B. Clark*

Amy Beth Clark

                CIMENT LAW FIRM, PLLC
                221 Bella Katy Drive
                Katy, Texas 77494
                833-663-3289, ext. 3009
                Amy@cimentlawfirm.com
                ATTORNEY FOR PLAINTIFF